**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                     **Plaintiff,**

       v.                                                 12-CR-109A

**EARL BROWN, SR.,**

                     **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Earl Brown, Sr. ("the defendant"), is charged in a superseding indictment with having violated Title 21 U.S.C. § 846 (Count 1) and conspiracy to launder money in violation of Title 18 U.S.C. § 1956(h) (Count 2). Dkt. #46.

The defendant filed a motion to suppress the use of statements made by him as evidence at trial on May 22, 2013 but failed to provide a personal affidavit with sufficient factual detail to support his motion. Dkt. #144. As a result, this Court directed defense counsel to have such an affidavit by the defendant filed no later than

September 13, 2013 to support his motion to suppress evidence. (Minute entry of September 4, 2013). The defendant filed his affidavit in support of his motion to suppress evidence on September 13, 2013. Dkt. #170. The government filed its response to defendant's motion to suppress on September 18, 2013. Dkt. #170. The government filed its response to defendant's motion to suppress on September 18, 2013. Dkt. #171. The matter was taken under advisement by this Court.

## DISCUSSION AND ANALYSIS

After reviewing the defendant's affidavit in support of his motion to suppress evidence, it is the finding of this Court that his affidavit (Dkt. #170) is legally insufficient to sustain his motion and does not sufficiently create issues that would warrant an evidentiary hearing.

In his affidavit (Dkt. #170), the defendant merely states:

I was not given Miranda warnings by any member of law enforcement, **prior** to my arrest.

Dkt. #170, ¶ 8 (emphasis added).

He then states in paragraph 9 of his affidavit (Dkt. #170):

Several hours later, I was interrogated by members of law enforcement.

In paragraph 10 of his affidavit (Dkt. #170), the last paragraph of his affidavit, he states:

I was forced/coerced to sign papers during the interrogation.

It is well established that law enforcement officers are not legally obligated to issue *Miranda* warnings and advice of rights to an individual **prior** to an arrest of an individual.

In *Miranda*, the United States Supreme Court created a procedural mechanism with the purpose of establishing a prophylactic safeguard that would protect a defendant from the coercive nature of custodial interrogation and preserve his Fifth Amendment privilege against self-incrimination. However, before the requirements of *Miranda* come into play, there must be a form of "custody" of the person to be interrogated which "custody" amounts to the deprivation of "freedom of action in any significant way." *Miranda v.* Arizona, 384 U.S. 436, 444 (1966); *Thompson v. Keohane*, 516 U.S. 99, 100-101 (1995); *Tankleff v. Senkowski*, 135 F.3d 235, 242 (2d Cir. 1998); *United States v. Newton*, 369 F.3d 659 (2d Cir. 2004). The defendant bears the burden of proving custody. *See United States v. Charles*, 738 F.2d 686, 692 (5th Cir. 1984). In making a determination of whether such "custody" existed, the Court must consider the totality of the circumstances. *California v. Beheler*, 463 U.S. 1131, 1125 (1983)*; Tankleff v. Senkowski, supra*. "Although the circumstances of each case must certainly influence a determination of whether a suspect is 'in custody' for purposes of receiving Miranda protection, the ultimate inquiry is simply whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." (Citation omitted). *California v. Beheler* at 1125; *Oregon v. Mathiason*, 429 U.S. 492,

495 (1977). The United States Supreme Court has "explicitly recognized that Miranda warnings are not required 'simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect'." *California v. Beheler* at 1125; *Mathiason* at 495. *See also* Illinois v. Perkins, 496 U.S. 292, 296-297 (1990).

The defendant's assertions that he "was interrogated by members of law enforcement several hours later" and that he "was forced/coerced to sign papers during the interrogation" amount to nothing more than "airy generalities and conclusory assertions" that are "insufficient to create a genuine issue of fact necessitating an evidentiary hearing." *United States v. Aiello*, 814 F.2d 109, 113-114 (2d Cir. 1987); *United States v. Salano*, 300 Fed. Appx. 83, 85 (2d Cir. 2008).

In response to the defendant's motion to suppress his statements, the government has produced an "Advice of Rights" Form FD-395 containing a listing of warnings and advice of rights in conformance with the requirements of *Miranda v. Arizona, supra* as well as a "consent" to waive those rights which the defendant signed on July 25, 2012 before making any statements in response to law enforcement questioning. Dkt. #151, Attachment B. The defendant has failed to address this representation of the government and the "Advice of Rights" Form FD-395 in his affidavit. Dkt. #170. As a result, there are no material issues of fact that need to be resolved by way of an evidentiary hearing. Therefore, it is recommended that his

motion to suppress evidence as well as his request for an evidentiary hearing be DENIED.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
          October 28, 2013

                                         *S/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**